**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA DUBLIN DIVISION**

| | | |
|---|---|---|
| ROBERT H. BURNS, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 326-023 |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Presently before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Robert H. Burns, Jr. filed this lawsuit in state court on March 17, 2026. The case was removed to this Court based upon diversity on April 29, 2026. Plaintiff filed an Amended Complaint, the operative complaint, on May 27, 2026. The parties have fully briefed Defendant's motion to dismiss, and the matter is ripe for consideration.

## I. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has provided additional guidance to the Rule

8(a) analysis in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pursuant to the Twombly/Iqbal paradigm, to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679; GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (stating that a plaintiff must necessarily "include factual allegations for each essential element of his or her claim"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 566 U.S. at 678-79. Stated another way, to survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, must be enough to raise a right to relief above the speculative level." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009).

## II. FACTUAL ALLEGATIONS

Plaintiff brings this case against State Farm, his insurance company, because of alleged damage he sustained to his real property during Hurricane Helene at the end of September 2024.

The subject insurance policy, however, contains a one-year contractual limitation, which provides as follows:

> **Suit Against Us.** No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

(State Farm Policy, Doc. No. 18-2, § I (Conditions), ¶ 6.) There is no dispute that Plaintiff filed this case more than one year after Hurricane Helene hit his property. For this reason, State Farm seeks dismissal of the Amended Complaint.

Other factual allegations in the Amended Complaint relevant to the instant matter include that Plaintiff notified State Farm of the hurricane damage shortly after power was restored to his property on September 27, 2024. (Am. Compl. ¶ 9.) On October 28, 2024, State Farm sent an adjuster to the property to assess the damage. As a result, State Farm issued payment to Plaintiff in the amount of $84,047.72, representing payment of $43,466.00 for the main residence and $40,581.72 for the outbuildings, personal property, and living expenses. (Id. ¶¶ 12-13.)

On January 9, 2025, an engineer retained by State Farm inspected the property and determined that the replacement cost value for the main residence was actually $67,756.47 and that the damage to the outbuildings was $82,526.94. (Id. ¶ 14.) According to Plaintiff, neither the adjuster nor the engineer assessed damage under the main residence. (Id. ¶ 15.)

In March 2025, it was discovered that the foundation to the main residence had been "seriously damaged." (Id. ¶ 16.) Nevertheless, another engineering company provided a report to State Farm on May 6, 2025, which indicated that while the roof framing, ceilings, and walls had been damaged from a combination of high winds and impact from falling trees, the damage to the foundation was "'due to normal settling over time.'" (Id.) Because Plaintiff "vehemently disagreed" with this report, he retained another company, Lowcountry Foundation Repair, to evaluate the damage. (Id. ¶ 17.) This company issued a report on September 3, 2025, which determined that the foundation to the residence had shifted because of impact from falling trees during the hurricane. (Id.)

As indicated earlier, Plaintiff filed suit against State Farm on March 17, 2026, for failing to pay the entirety of the damage to the main residence caused by Hurricane Helene. According to State Farm, Plaintiff should have done so by the end of September 2025, the time of the hurricane.

## III. LEGAL ANALYSIS

The parties do not dispute that the one-year contractual limitation period provided in the State Farm insurance policy is valid. See Tucker v. State Farm Mut. Auto. Ins. Co., 109 F. Supp. 3d 1350 (N.D. Ga. 2015) (citing White v. State Farm Fire & Cas. Co., 728 S.E.2d 685, 687 (Ga. 2012); Thornton v. Ga. Farm Bureau

Mut. Ins. Co., 695 S.E.2d 642 (Ga. 2010)). It is also undisputed that an insurance company can waive its right to enforce the limitation period.

> An insurer can be held to have waived a limitation period when its investigations, negotiations, or assurances up to and past the period of limitation led the insured to believe the limitation would not apply. And, where the application of a contractual limitation would work a forfeiture of the policy benefit, the court will strictly construe the provision against the insurance company and small circumstances will be sufficient to show a waiver by the company.

City of Atlanta v. Allianz Glob. Risks US Ins. Co., 2014 WL 12061535, at *5 (N.D. Ga. Aug. 8, 2014) (quoting Gilbert v. S. Trust Ins. Co., 555 S.E.2d 69, 72 (Ga. Ct. App. 2001)).

In this case, Plaintiff contends that he has pled facts that support State Farm's waiver of the one-year limitation period. Upon review of the Amended Complaint, however, the Court does not agree. Plaintiff has alleged no facts that State Farm conducted any investigation or negotiation or made any assurance that would lead Plaintiff to believe the limitation period would not apply. In fact, State Farm's last conduct, as alleged by Plaintiff, occurred on May 6, 2025, when State Farm's engineer provided a report that the foundation was not caused by Hurricane Helene; rather the foundation damage was "due to normal settling over time." This report was issued four and a half months prior to Plaintiff's deadline to file suit. Tellingly, Plaintiff "vehemently disagreed" with the report and hired his own company, which gave him a more favorable determination prior to the

deadline; yet, Plaintiff failed to file suit. Plaintiff alleges no facts that State Farm made any further investigation, negotiation or assurance contrary to its May 2025 report indicating that it would not cover the foundational damage. Thus, State Farm's conduct did not reasonably lead Plaintiff to believe that the one-year limitation period would not be enforced. Accordingly, Plaintiff has failed to state a claim of State Farm's waiver of its one-year limitation period.

## IV. CONCLUSION

Because State Farm did not waive its valid one-year limitation period, Plaintiff's case was untimely filed. Defendant's motion to dismiss the case (doc. no. 18) is therefore **GRANTED.** The Clerk is directed to **CLOSE** the case and **ENTER JUDGMENT** in favor of Defendant State Farm.

**ORDER ENTERED** at Augusta, Georgia this 2nd day of September, 2026.

Dudley H. Bowen Jr.

UNITED STATES DISTRICT JUDGE